JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Counsel for Defendant Banque SYZ SA*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    *Plaintiff-Applicant*,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    *Defendant*. | Case No. 22-cv-06512-JSR<br><br>Adv. Proc. No. 08-01789 (CGM)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>    *Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>BANQUE SYZ & CO., SA,<br><br>    *Defendant*. | Adv. Proc. No. 11-02149 (CGM)<br><br>**DEFENDANT BANQUE SYZ SA'S REPLY TO THE TRUSTEE'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO APPEAL UNDER 28 U.S.C. § 158(a)(3)** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    The Appeal Involves a Controlling Question of Law ......................................................... 1

II.   Determination of the Appeal Would Materially Advance This Litigation ........................ 1

III.  There is a Substantial Ground for Difference of Opinion on the Legal Question ............. 5

CONCLUSION ................................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re BLMIS*,
  No. 15-CV-06564 (GBD), 2016 WL 690834 (S.D.N.Y. Feb. 11, 2016)...................3

*In re BLMIS*,
  No. 16-CV-3006 (ALC) (S.D.N.Y. Mar. 27, 2017), ECF No. 14 ...........................3

*In re Enron*,
  2006 WL 2548592 (S.D.N.Y. Sept. 5, 2006).......................................................5, 8

*In re Flor*,
  79 F.3d 281 (2d Cir. 1996)........................................................................................5

*In re GM LLC Ignition Switch Litig.*,
  427 F. Supp. 3d 374 (S.D.N.Y. 2019).......................................................................1

*Jackson v. Caribbean Cruise Line, Inc.*,
  88 F. Supp. 3d 129 (E.D.N.Y. 2015) ........................................................................4

*Kingate Glob. Fund Ltd. v. Picard*,
  No. 15-CV-7086 (JPO) (S.D.N.Y. Dec. 4, 2015), ECF No. 10................................3

*Klinghoffer v. S.N.C. Achille Lauro*,
  921 F.2d 21 (2d Cir. 1990).....................................................................................1, 5

*MF Glob. Holdings Ltd. v. Allied World Assurance Co. (In re MF Glob. Holdings Ltd.)*,
  296 F. Supp. 3d 662 (S.D.N.Y. 2017).......................................................................5

*Picard v. Est. of Madoff*,
  464 B.R. 578 (S.D.N.Y. 2011)..................................................................................3

*Picard v. Ida Fishman (In re BLMIS)*,
  773 F.3d 411 (2d Cir. 2014)......................................................................................6

*Picard v. Katz*,
  466 B.R. 208 (S.D.N.Y. 2012)..................................................................................3

*Picard v. Merkin (In re BLMIS)*,
  No. 11-MC-0012 (KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011) ..............3

*Picard v. Saren-Lawrence*,
  No. 17-CV-5157 (GBD), 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018) ................3

*Ridinger v. Dow Jones & Co. Inc.*,
   651 F.3d 309 (2d Cir. 2011)..........................................................................................................2

*SIPC v. BLMIS*,
   987 F. Supp. 2d 309 (S.D.N.Y. 2013)...........................................................................................3

*SIPC v. BLMIS (In re BLMIS)*,
   476 B.R. 715 (S.D.N.Y. 2012)......................................................................................................2

*SIPC v. BLMIS (In re BLMIS)*,
   No. 12-MC-0115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013).........................2, 6, 7, 8

*SIPC v. BLMIS (In re Madoff Sec.)*,
   No. 12-MC-0115 (JSR), 2014 WL 465360 (S.D.N.Y. Jan. 14, 2014).........................................3

**Statutes**

11 U.S.C. § 546(e) ............................................................................................................... passim

28 U.S.C. § 158(a)(3)..................................................................................................................1

Defendant Banque SYZ SA, formerly known as Banque Syz & Co., SA, ("**Banque Syz**") files this Reply in support of its motion for leave to appeal and in reply to the *Trustee's Opposition to Defendant Banque Syz & Co, S.A.'s Motion for Leave to Appeal Under 28 U.S.C. § 158(a)(3)* ("**Opp**.").

The trustee agrees with Banque Syz that the standard this Court should apply in determining whether to grant leave for an interlocutory appeal is the same standard that applies to a section 1292(b) determination: (1) whether the appeal involves a controlling question of law, (2) whether there is a substantial ground for difference of opinion on that question of law, and (3) whether resolution of the question would materially advance the litigation. Opp. at 7.

### I.     The Appeal Involves a Controlling Question of Law.

An issue of law is controlling where it would determine the outcome of litigation or a material portion of it. *See Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990) ("[A] question of law is 'controlling' if reversal of the district court's order would terminate the action.") (citation omitted). By not addressing this first prong in his Opposition, the trustee concedes that this appeal involves a controlling question of law.

### II.    Determination of the Appeal Would Materially Advance This Litigation.

By conceding that the appeal involves a controlling question of law, the trustee essentially concedes the third prong, that an appeal could materially advance the termination of this litigation. The first prong is "closely connected" with the third prong. *In re GM LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 393 (S.D.N.Y. 2019). Yet the trustee argues that determination of the legal issue here—whether section 546(e) prohibits the trustee from maintaining nearly all claims in the action—would not materially advance the termination of the litigation. Avoiding a direct analysis of that issue, he instead argues that no other interlocutory appeals have been authorized in this

SIPA proceeding, the appeals that have occurred (all from final orders) "have each contributed to the length of these proceedings," Opp. at 18, and that an appeal would not save the time and expense of discovery and trial unless the decision below is reversed.[1]

The trustee's first point is irrelevant to consideration of this motion for leave to appeal. Each motion for leave to appeal an interlocutory order depends on its facts and procedural context. What this Court decided in different factual and procedural contexts has no relevance to and cannot control this proceeding. Nor has this Court ever ruled that orders in this SIPA proceeding are exempt from interlocutory review.

To the contrary, this Court brought up several matters early in these proceedings by withdrawing the reference for the express purpose of resolving the application of SIPA and various Bankruptcy Code provisions to these cases. *SIPC v. BLMIS (In re BLMIS)*, 476 B.R. 715, 717 n.1 (S.D.N.Y. 2012) ("[T]his Court previously withdrew the reference of these [84] cases to the Bankruptcy Court in order to resolve issues that require substantial interpretation of non-bankruptcy federal law."); *SIPC v. BLMIS (In re BLMIS)*, No. 12-MC-0115 (JSR), 2013 WL 1609154, at *10 (S.D.N.Y. Apr. 15, 2013) (hereinafter "*Cohmad*") ("[T]he Court directs that what remains of the adversary proceedings listed in Exhibit A … be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order."). Although not an interlocutory appeal, the purpose was the same as this appeal, which seeks clarification of one of those very decisions. And in each of the adversary proceedings the trustee string-cites in which this Court

---

[1] The trustee also argues that an appeal would not materially advance the termination of the litigation because Banque Syz repeats arguments it made below. Opp. at 19. That argument does not address whether an appeal would advance termination of the litigation. Moreover, an appellant generally may not raise new issues on appeal. *Ridinger v. Dow Jones & Co. Inc.*, 651 F.3d 309, 317 (2d Cir. 2011). By its nature, an appeal brings up the same issues addressed below, and the appellant will press the same arguments the lower court rejected.

denied interlocutory review, the Court did so for reasons and based on factual and procedural postures unlike those present here:

- *Picard v. Saren-Lawrence*, No. 17-CV-5157 (GBD), 2018 WL 4659476, at *3 (S.D.N.Y. Sept. 11, 2018). Denial of motion to withdraw the reference to obtain a jury trial presented neither a controlling question of law, nor a substantial ground for difference of opinion.
- *In re BLMIS*, No. 16-CV-3006 (ALC) (S.D.N.Y. Mar. 27, 2017), ECF No. 14, at 5. Denial of a motion to quash a subpoena.
- *In re BLMIS*, No. 15-CV-06564 (GBD), 2016 WL 690834, *2 (S.D.N.Y. Feb. 11, 2016). Absence of factual record precluded pure question of law.
- *Kingate Glob. Fund Ltd. v. Picard*, No. 15-CV-7086 (JPO) (S.D.N.Y. Dec. 4, 2015) ECF No. 10 at 2. No dispute about the legal standard; question of law not controlling.
- *SIPC v. BLMIS (In re Madoff Sec.)*, No. 12-MC-0115 (JSR), 2014 WL 465360, at *1 (S.D.N.Y. Jan. 14, 2014). No substantial ground for difference of opinion and appeal would not materially advance the litigation.
- *SIPC v. BLMIS*, 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013). Antecedent-debt issue; no substantial ground for difference of opinion and an appeal would not materially advance the litigation.
- *Picard v. Est. of Madoff*, 464 B.R. 578, 583 (S.D.N.Y. 2011). Recent New York Court of Appeals decision resolved appellant's argument.
- *Picard v. Merkin (In re BLMIS)*, No. 11-MC-0012 (KMW), 2011 WL 3897970, at *4-5 (S.D.N.Y. Aug. 31, 2011). No ground for difference of opinion on well-settled legal issues.
- *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012). Trustee's section 1292(b) motion denied because trial was scheduled for two months later, and a factual record would inform the legal issues.

None of these decisions provides any precedent for this case. They either lacked a pure controlling issue of law, required further factual development, or would not have materially advanced the litigation. The opposite is true here. The legal issue is controlling; does not require any factual development; would finally resolve 98% of the claims in this litigation; would not delay resolution of the case, as discovery has not even begun; and would resolve 17 other adversary proceedings and reduce the scope of 42 others.

3

The trustee's second point—that appeals have delayed these proceedings—is both ironic and equally unpersuasive. Three of the appeals that the trustee identifies (the safe harbor ruling in *Greiff*, good faith, and extraterritoriality) were appeals by the trustee from orders of this Court and from the bankruptcy court on remand applying those orders. The trustee correctly notes that those appeals delayed this proceeding but fails to mention that he, not the defendants, appealed those rulings, and these proceedings would have been terminated long ago if the trustee had not appealed and prevailed on the latter two. The trustee may not now argue that delay that occurred at his request and for his benefit is a reason to deny the motion for leave to appeal.

The trustee's third point is that reversal would save the time and expense of discovery and trial only if this court reverses the decision below. Of course! Why else would a party appeal?

In fact, reversal of the bankruptcy court's decision would eliminate 98% of the monetary value of the trustee's claims against Banque Syz, reducing the claim from $15,914,270 to $331,669, the number of initial transfers at issue from 28 to 5, the number of subsequent transfers at issue from 45 to 3, and the relevant time period from 6 years to 2 years. Such reductions would narrow issues for both discovery and trial, making a settlement far more likely than litigation. In addition, as noted in the Memorandum in support of the motion, reversal would terminate 17 other adversary proceedings and substantially narrow the issues in 41 other adversary proceedings. "[F]or a question of law to be 'controlling' under 1292(b), it 'need not affect a wide range of pending cases' as long as it is controlling in the instant litigation." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129 (E.D.N.Y. 2015) (quoting *Klinghoffer*, 921 F.2d at 24) (denying certification under section 1292(b) due to absence of a substantial ground for difference of opinion on the underlying legal issue). But as this Court has noted in deciding a motion for leave to appeal a bankruptcy court's interlocutory order, "appeal of this issue presents a pure question of law that

could be quickly resolved and would provide important guidance for similarly situated parties. It thus presents a controlling question of law." *MF Glob. Holdings Ltd. v. Allied World Assurance Co. (In re MF Glob. Holdings Ltd.)*, 296 F. Supp. 3d 662, 665 (S.D.N.Y. 2017) (denying leave to appeal because other legal issues remained).

Therefore, Banque Syz also meets the third prong of the test for leave to appeal.

**III.    There is a Substantial Ground for Difference of Opinion on the Legal Question.**

Banque Syz also meets the second prong—that there is a substantial ground for difference of opinion on the legal question. The second prong may be satisfied where "the issues are difficult and of first impression," *Klinghoffer*, 921 F.2d at 24, or where a summary of the arguments may reveal "a substantial ground for a difference of opinion on a difficult issue of first impression in this circuit." *In re Enron*, 2006 WL 2548592, at *7 (S.D.N.Y. Sept. 5, 2006). Although the trustee cites *In re Flor*, 79 F.3d 281 (2d Cir. 1996), for the proposition that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion, Opp. at 16-17, the full quotation from *Flor* shows there's more to the analysis than the trustee lets on: "Rather, it is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." 79 F.3d at 284 (internal citation and quotation marks omitted).

As the briefs below and here show, the question presented is difficult and an issue of first impression, arising from this Court's *Cohmad* decision, which adopted an important qualification to the application of section 546(e). "[T]he strength of the arguments in opposition to the challenged ruling" show there is a substantial ground for dispute.

5

The analysis starts where it must, with the words of the statute. Section 546(e) directly prohibits the trustee from avoiding initial transfers except under section 548(a)(1)(A), which permits avoidance only of actual fraudulent transfers made within two years before bankruptcy. This Court recognized that absolute rule in its "clear holdings" in *Katz* and *Grieff*, *see Cohmad*, 2013 WL 1609154, at *4, which the Second Circuit affirmed in *Picard v. Ida Fishman (In re BLMIS)*, 773 F.3d 411 (2d Cir. 2014). As that court stated, "Section 546(e) is a very broadly-worded safe-harbor provision that was enacted to minimize the displacement caused in the commodities and securities markets in the event of a major bankruptcy affecting those industries." *Id* at 416 (internal citation and quotation marks omitted). And this Court also recognized that a subsequent transferee could assert the section 546(e) defense to the avoidance of the initial transfer if the initial transferee, for whatever reason, failed to do so. Here, that would end the matter—the trustee agrees that Banque Syz, an alleged subsequent transferee, may assert the defense and that all the elements of section 546(e) are met, and he does not allege that Banque Syz had actual knowledge that BLMIS was not trading securities—except for one aspect of this Court's *Cohmad* decision.

In *Cohmad*, this Court ruled "[n]either law nor equity permits such a person [who had actual knowledge of the Madoff 'Ponzi' scheme] to profit from a safe harbor intended to promote the legitimate workings of the securities markets and the reasonable expectations of legitimate investors." 2013 WL 1609154, at *4. To further the purpose of the exception, this Court also concluded that if a subsequent transferee who received the transfer from an innocent initial transferee had actual knowledge of the fraud, the subsequent transferee could not invoke the section 546(e) defense to the avoidability of the underlying initial transfer. *Id.* at *7.

However, the *Cohmad* decision did not hold that transfers involving transferees with knowledge of the fraud failed to satisfy section 546(e)'s criteria. After all, section 546(e) is completely silent on the mental state of the transferee and focuses solely on the objective characteristics of the transaction. Instead, the *Cohmad* decision held that transferees with knowledge of the fraud are barred from asserting section 546(e) as a defense—even if the transfer falls within the literal terms of section 546(e)'s rule. This bar on invoking section 546(e) as a defense, both as to initial transferees and subsequent transferees, is expressly designed to prevent fraudsters from profiting, not to ensnare innocent investors who may have unknowingly invested with a fraudster. As to them, the goal of section 546(e) "is best achieved by protecting the reasonable expectations of investors who believe they were signing a securities contract." *Id.* at *4. Thus, contrary to the trustee's argument, *Cohmad*'s bar on invoking section 546(e) is personal to a knowledgeable fraudster. That bar does not change the reality that the transfer satisfies section 546(e)'s criteria, Opp. at 10-11, and does not bar an innocent victim from relying on the statutory safe harbor for such transfers.

The trustee's hypothetical of a $50 million initial transfer to a transferee who knew of the fraud and made two subsequent transferees therefore misses the point. The issue is not whether the initial transfer is avoidable as to one subsequent transferee but not to the other. Rather, the question is whether the innocent subsequent transferee may assert the section 546(e) defense to avoidability in the recovery action when the initial transferee may not. Under *Cohmad*, the ability to assert a section 546(e)'s defense depends on who is asserting it. It would be inequitable to allow an initial or subsequent transferee with actual knowledge of the fraud to assert the defense, but not for the innocent transferee to continue to be protected by the provision designed to safeguard the securities markets and innocent participants. Actual knowledge determines who may assert the defense, not

7

(as the trustee would have it) the avoidability as to the initial transferee, Opp. at 12, and the trustee may not saddle the innocent with the disabilities of the guilty. As the Court said in conclusion in *Cohmad*:

> [W]hile Section 546(e) generally applies to the adversary proceedings brought by the Trustee, those defendants who claim the protections of Section 546(e) through a Madoff Securities account agreement but who actually knew that Madoff Securities was a Ponzi scheme are not entitled to the protections of the Section 546(e) safe harbor, and their motions to dismiss the Trustee's claims on this ground must be denied. Furthermore, both initial transferees *and subsequent transferees* are entitled to raise a defense based on the application of Section 546(e) to the initial transfer from Madoff Securities.

2013 WL 1609154, at *10 (emphasis added).

The bankruptcy court disregarded this Court's reasoning in *Cohmad*, holding instead that section 546(e) does not protect an innocent subsequent transferee if its initial transferee had actual knowledge of the fraud. That holding creates the "substantial ground for a difference of opinion on a difficult issue of first impression" that satisfies the second prong of the test to grant leave to appeal. *Enron*, 2006 WL 2548592, at *7.

For the same reasons that this Court withdrew the reference in over 80 adversary proceedings—to provide guidance to the bankruptcy court for their conduct—the Court should now grant leave to appeal the bankruptcy court's order misinterpreting this Court's decision on its prior withdrawal of the reference.

## CONCLUSION

For the foregoing reasons, Banque Syz should be granted to leave to appeal the Bankruptcy Court's order denying its motion to dismiss the Complaint and, upon such appeal, the order should be reversed and all claims in the Complaint seeking recovery of subsequent transfers of property transferred more than two years before bankruptcy should be dismissed.

Dated: New York, New York
September 20, 2022

/s/ *Richard Levin*
JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com

*Counsel for Defendant Banque SYZ SA*